# HEYWARD SELLERS *v.* SELLERS
# GARAGE, INC., ET AL.
## (AC 23114)

Lavery, C. J., and DiPentima and McLachlan, Js.

Argued June 9—officially released October 21, 2003

*Heyward Sellers*, pro se, the plaintiff (appellant).

*Courtney C. Stabnick*, with whom, on the brief, was *Richard T. Stabnick*, for the appellees (named defendant et al.).

*Charlene M. Russo*, for the appellees (Hanover Insurance Company et al.).

*Opinion*

McLACHLAN, J. The plaintiff, Heyward Sellers, appeals from the decision of the workers' compensation review board (board) affirming the May 9, 2001 findings and award of the workers' compensation commissioner (commissioner) for the fifth district. On appeal, the plaintiff claims that the commissioner improperly (1) denied the plaintiff total incapacity benefits, pursuant to General Statutes § 31-307, for the period of September 30, 1998, to July 23, 2000, (2) denied the plaintiff partial incapacity benefits, pursuant to General Statutes § 31-308, for the period of September 30 to October 27, 1998, (3) denied the plaintiff partial permanent disability benefits, pursuant to General Statutes § 31-308a, for the period of November 8, 1998, to July 23, 2000, (4) found that treatment for erectile dysfunction and depression constituted unauthorized medical treatment, and (5) determined that the defendant Hanover

Insurance Company (Hanover) was not required to file a form 36 before discontinuing disability payments, which Hanover had made without prejudice. We affirm the decision of the board.

The plaintiff suffered three compensable injuries, which were accepted by voluntary agreement, to his right wrist, left wrist and cervical spine on September 25 and November 14, 1995, and on March 21, 1997, respectively. All three injuries occurred while the plaintiff was employed by the defendant Sellers Garage, Inc., which had workers' compensation insurance provided by the defendant Royal Insurance Company (Royal). On April 20, 1998, the plaintiff was employed by the defendant Workforce One, Inc., which had workers' compensation insurance provided by Hanover. On that date, the plaintiff sustained increased pain in his right wrist.

On May 1, 1998, the plaintiff timely filed notice of his claim for compensation for the April 20, 1998 injury pursuant to General Statutes § 31-294c (a). Ten days later, Hanover timely filed notice contesting the plaintiff's workers' compensation claim pursuant to § 31-294c (b). Nevertheless, Hanover paid to the plaintiff, without prejudice, disability benefits for the period of April 22 to September 29, 1998. Those benefits were paid in one lump sum by check dated September 21, 1998. No voluntary agreement was entered into by the plaintiff and Hanover, nor was the payment issued as the result of a previous commissioner's award. Hanover did not file a form 36 at any point in time.[1]

Formal hearings were held on November 13, 2000, and March 29, 2001, during which a multitude of docu-

[1] "Form 36 is a notice to the compensation commissioner and the claimant of the intention of the employer and its insurer to discontinue compensation payments." (Internal quotation marks omitted.) *D'Amico* v. *Dept. of Correction*, 73 Conn. App. 718, 720 n.2, 812 A.2d 17 (2002), cert. denied, 262 Conn. 933, 815 A.2d 132 (2003).

ments concerning the plaintiff's medical history, treatment and disability benefits payments for each injury were admitted into evidence. The commissioner found that no medical evidence was presented to support the plaintiff's claim for total incapacity benefits for the period of September 30, 1998, to July 23, 2000. Also, the commissioner found that the plaintiff did not produce any evidence that the plaintiff had attempted to find employment between September 30 and October 26, 1998, or between November 8, 1998, and March 26, 2000.

The plaintiff also sought compensation for erectile dysfunction and depression. On April 19, 1999, the plaintiff sought treatment from his family physician, Eduardo Mari, concerning erectile dysfunction. Mari referred the plaintiff to Robert A. Feldman, a urologist, who in turn referred the plaintiff to Carole MacKenzie, a psychiatric social worker. The commissioner found that neither Mari nor Feldman nor MacKenzie were authorized physicians or authorized referrals as required by General Statutes § 31-294d.

Accordingly, the commissioner concluded, in relevant part, that (1) neither Royal nor Hanover was responsible to the plaintiff for total incapacity benefits for the period of September 30, 1998, to July 23, 2000, (2) the plaintiff was not entitled to partial incapacity benefits from Hanover for the period of September 30 to October 27, 1998, (3) Royal did not have to pay the plaintiff partial permanent disability benefits for the period of November 8, 1998, to July 23, 2000, (4) the treatment for erectile dysfunction and depression constituted unauthorized medical treatment, and (5) Hanover was not required to file a form 36. The board affirmed the commissioner's findings and award. This appeal followed.

"The standard of review applicable to workers' compensation appeals is well established. The commis-

sioner is the sole trier of fact and [t]he conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . On appeal, the board must determine whether there is any evidence in the record to support the commissioner's findings and award. . . . Our scope of review of the actions of the [board] is [similarly] . . . limited. . . . [However] [t]he decision of the [board] must be correct in law, and it must not include facts found without evidence or fail to include material facts which are admitted or undisputed." (Internal quotation marks omitted.) *Daubert* v. *Naugatuck*, 71 Conn. App. 600, 607, 803 A.2d 343, cert. granted on other grounds, 261 Conn. 942, 808 A.2d 1135 (2002).

The procedural posture of the case affords us a limited scope of review. Because the plaintiff never filed a motion to correct the factual findings of the commissioner, the plaintiff is unable to challenge those findings now.[2] See *Bergin* v. *Dept. of Correction*, 75 Conn. App. 591, 595, 817 A.2d 136, cert. denied, 264 Conn. 903, 823 A.2d 1220 (2003); see also Regs., Conn. State Agencies § 31-301-4. We therefore are limited to determining whether the board's conclusions based on those facts "result[ed] from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . In other words, [t]hese conclusions must stand unless they could not

---

[2] We recognize that the plaintiff has proceeded pro se through the majority of the proceedings. "[I]t is the established policy of the Connecticut courts to be solicitous of pro se litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the pro se party. . . . Although we allow pro se litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Citation omitted; internal quotation marks omitted.) *Strobel* v. *Strobel*, 64 Conn. App. 614, 617–18, 781 A.2d 356, cert. denied, 258 Conn. 937, 786 A.2d 426 (2001).

reasonably or logically be reached on the subordinate facts." (Citation omitted; internal quotation marks omitted.) *D'Amico* v. *Dept. of Correction*, 73 Conn. App. 718, 723, 812 A.2d 17 (2002), cert. denied, 262 Conn. 933, 815 A.2d 132 (2003).

I

The plaintiff's first claim is that the commissioner improperly denied him total incapacity benefits for the period of September 30, 1998, to July 23, 2000. We disagree.

"The plaintiff is entitled to total disability benefits under General Statutes § 31-307 (a) only if he can prove that he has a total incapacity to work. . . . The plaintiff [bears] the burden of proving an incapacity to work . . . . Our Supreme Court has defined total incapacity to work as the inability of the employee, because of his injuries, to work at his customary calling or at any other occupation which he might reasonably follow." (Citations omitted; internal quotation marks omitted.) *D'Amico* v. *Dept. of Correction*, supra, 73 Conn. App. 724.

The plaintiff claimed total incapacity benefits for the period of September 30, 1998, to July 23, 2000. The commissioner found that the plaintiff had failed to produce any medical evidence that he was totally disabled for that period. Absent any evidence of total incapacity, we conclude that the board properly affirmed the commissioner's denial of total incapacity benefits.

II

The plaintiff's second claim is that the commissioner improperly denied the plaintiff partial incapacity benefits from Hanover pursuant to § 31-308 for the period of September 30 to October 27, 1998. We disagree.

"To receive full compensation for partial disability under § 31-308 (a), a plaintiff must satisfy the following

three-pronged test: (1) the physician attending an injured employee certifies that the employee is unable to perform his usual work but is able to perform other work, (2) the employee is ready and willing to perform other work in the same locality and (3) no other work is available . . . ." (Internal quotation marks omitted.) *Mikula* v. *First National Supermarkets, Inc.*, 60 Conn. App. 592, 598, 760 A.2d 952 (2000).

The commissioner found that there was no evidence that the plaintiff had attempted to find employment between September 30 and October 27, 1998. The plaintiff, therefore, failed to prove that he was ready and willing to perform other work. Accordingly, we conclude that the board did not improperly affirm the commissioner's denial of those benefits.

### III

The plaintiff's third claim is that the commissioner improperly concluded that he was not entitled to any partial permanent disability benefits from Royal for the period of November 8, 1998, to July 23, 2000. We disagree.

"Section 31-308a permits the commissioner to award additional benefits to a claimant whose earning capacity has been affected adversely by a work-related accident once a specific award of workers' compensation benefits has been exhausted. Subsection (a) of § 31-308a, however, limits the availability of such an award, providing in relevant part: Additional benefits provided under this section shall be available only to employees who are willing and able to perform work in [Connecticut]." (Internal quotation marks omitted.) *McEnerney* v. *United States Surgical Corp.*, 72 Conn. App. 611, 615, 805 A.2d 816, cert. denied, 262 Conn. 916, 811 A.2d 1292 (2002).

The commissioner found that Royal had, in fact, paid those benefits to the plaintiff for a period from Novem-

ber 22, 1999, to July 23, 2000. The commissioner also found that from November 8, 1998, to March 26, 2000, the plaintiff did not seek employment. The plaintiff was not willing to work during that period and, therefore, was not entitled to partial permanent disability benefits. Accordingly, we conclude that the board properly affirmed the commissioner's denial of those benefits to the plaintiff.

IV

The plaintiff's fourth claim is that the commissioner improperly found that treatment for erectile dysfunction and depression constituted unauthorized medical treatment. Specifically, the plaintiff argues that the treatment for those conditions constituted authorized medical treatment because his erectile dysfunction and depression resulted from work-related injuries. We disagree.

General Statutes § 31-294d defines what constitutes authorized medical treatment. "An employer is required to provide a competent physician to attend an injured employee pursuant to § 31-294d (a). . . . Once the claimant has selected a treating physician, the commissioner may authorize or direct a change of physician at the request of the employer or employee, or when good reason exists. . . . The employer is not responsible for paying for the cost of care by an unauthorized treater . . . . A claimant should obtain permission to change physicians before commencing a new course of treatment. This may include a valid referral from an authorized physician." (Citations omitted.) *Donaldson* v. *Duhaime*, No. 4213, CRB-6-00-3 (April 30, 2001). "In order [for treatment] to be compensable, a claimant has the burden of proving that medical treatment was either provided by the initial authorized treating physician under § 31-294d, or obtained pursuant to a valid referral from an authorized physician." *Zizic* v. *Sikor-*

*sky Aircraft Division,* No. 03732 CRB-04-97-11 (July 7, 1999).

The commissioner found that the plaintiff had sought treatment initially with Mari for erectile dysfunction, but that Mari was neither the plaintiff's authorized treating physician for the work-related injuries, nor had Mari been referred by an authorized treating physician. Neither Feldman nor MacKenzie was an authorized physician, nor had they been referred by an authorized physician. The plaintiff never asked the commissioner to change the plaintiff's treating physician. The commissioner's denial of benefits regarding erectile dysfunction and depression, therefore, properly was affirmed by the board.

V

The plaintiff's final claim is that the commissioner improperly found that Hanover was allowed to discontinue awarding disability benefits for the period of September 29, 1998, to July, 2000, without filing a form 36 as required by § 31-296-2 of the Regulations of Connecticut State Agencies.[3] Specifically, the plaintiff contends that failure to comply with that regulation effectively constituted an admission by Hanover that he was entitled to a continuation of those benefits. We disagree.

---

[3] Section 31-296-2 of the Regulations of Connecticut State Agencies provides: "In any case in which the employer or the insurer doubts the fact of accident or the causal relationship between the accident and the disability, but wishes to make payment without prejudice and without admitting liability, he shall notify both the claimant and the commissioner by letter that payment will be made without prejudice. Such letter shall contain a statement of the average weekly wage, the compensation disability rate, the number of dependent children or stepchildren and the total weekly benefit to be paid. A formal notice of the employer's intention to contest liability (Form 43) shall accompany such letter to protect the respondent's rights. Payments without prejudice shall be made for not more than six weeks. If, at the end of such period, the employer or insurer has completed his investigation and determines the accident is compensable, a voluntary agreement shall be offered. Otherwise, the employer shall promptly request an informal hearing."

The commissioner found that because there was no voluntary agreement between Hanover and the plaintiff, Hanover was not required to file a form 36. On appeal, the board affirmed the commissioner's conclusion that a form 36 was not required. The board ruled "that the defendants were not required to file a form 36 before discontinuing payment without prejudice in this case, as they had not accepted liability for the claim. Instead, the long-standing 'payment without prejudice' language in § 31-296-2 must be read consistently with the legislature's more recent amendment to § 31-294c." The board reasoned that § 31-294c (b) provides an insurer with a one year period within which to contest a claim while the regulation only allows a six week period during which the insurer may investigate and contest the claim.[4] The board concluded that the statute controlled and that Hanover was not required to file a form 36. Although we agree that a form 36 was not required, we do not adopt the board's rationale. Rather, we affirm the board's decision on other grounds.[5] See *Kelley* v. *Bonney*, 221 Conn. 549, 592, 606 A.2d 693 (1992) ("'[w]here the trial court reaches a correct decision but on mistaken grounds, this court has repeatedly sustained the trial court's action if proper grounds exist to support it' ").

"[A] Form 36 . . . is used by employers when they seek to discontinue or reduce weekly benefit payments

---

[4] General Statutes § 31-294c (b) provides in relevant part: "If the employer or his legal representative fails to file the notice contesting liability on or before the twenty-eighth day after he has received the written notice of claim, the employer shall commence payment of compensation for such injury or death on or before the twenty-eighth day after he has received the written notice of claim, but the employer may contest the employee's right to receive compensation on any grounds or the extent of his disability within one year from the receipt of the written notice of claim . . . ."

[5] In its decision, the board noted that the legislature should change the regulation to be consistent with the statute. The legislature, however, does not promulgate those regulations. Rather, it is the chairman of the workers' compensation commission who adopts regulations. See General Statutes § 31-280 (b) (3).

for accepted cases as per [§ 31-296]." *Carroll* v. *Flattery's Landscaping, Inc.*, No. 4499 CRB-8-02-2 (March 25, 2003). "[A] Form 36 is required only where an employee is receiving compensation for total or partial incapacity under an agreement, oral or written, [or] an award . . . and the employee contends that his incapacity still continues, if the employer intends to discontinue such payments . . . ." (Internal quotation marks omitted.) *Cummings* v. *Twin Tool Mfg. Co.*, 40 Conn. App. 36, 40, 668 A.2d 1346 (1996); see also *Landry* v. *North American Van Lines/Transtar, Inc.*, No. 1971 CRB-2-94-2 (August 16, 1996).

We conclude that Hanover was not required to file a form 36 for two reasons. First, there was no written or oral agreement between the parties, nor was there an award issued by the commissioner that provided for the single lump sum payment Hanover made to the plaintiff. Second, Hanover's actions demonstrate that the regulation was never implicated. The text of the regulation allows for a six week time period for the insurer to investigate a claim before having to contest it, during which the insurer may elect to pay, without prejudice, weekly disability payments. Here, although Hanover immediately filed a notice contesting the plaintiff's claim of May 1, 1998, Hanover did not utilize the six week investigatory period. In addition, Hanover did not make any weekly payments during the six week period following the plaintiff's notice. It was not until September 21, 1998, almost five months later, that a single payment without prejudice was made to the plaintiff. There is no indication in the record as to why Hanover waited until September 21, 1998, to issue that payment, and we will not speculate that it was issued pursuant to the regulation. Furthermore, Hanover never informed the plaintiff or the commissioner by letter that there would be payment made without prejudice, what the average weekly wage would be, the compensa-

tion disability rate or the total weekly benefits to be made. See Regs., Conn. State Agencies § 31-296-2. We conclude, therefore, that the regulation was not at issue in this case.

Because the regulation was never implicated and because there was no voluntary agreement or award mandating the payment Hanover ultimately made, we conclude that Hanover was not required to file a form 36.

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.