## HEYWARD SELLERS *v.* SELLERS GARAGE, INC., ET AL.
### (AC 26266)

Schaller, Harper and Hennessy, Js.

Argued October 21—officially released December 20, 2005

*Heyward Sellers*, pro se, the appellant (plaintiff).

*Courtney C. Stabnick*, with whom, on the brief, was *Richard T. Stabnick*, for the appellees (defendants).

### Opinion

PER CURIAM. The plaintiff, Heyward Sellers, appeals from the decision of the workers' compensation review board (board) affirming the decision of the workers' compensation commissioner (commissioner) that the plaintiff did not suffer a 50 percent permanent partial disability to his brain. On appeal, the plaintiff continues to challenge the factual findings of the commissioner, as he did on appeal to the board. After considering the merits of the plaintiff's appeal, the board affirmed the findings and dismissal by the commissioner. We affirm the decision of the board.

Initially, we set out the standard of review governing workers' compensation appeals. "The principles that govern our standard of review in workers' compensation appeals are well established. The conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application

of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . Neither the review board nor this court has the power to retry facts." (Citation omitted; internal quotation marks omitted.) *Schiano* v. *Bliss Exterminating Co.*, 57 Conn. App. 406, 411, 750 A.2d 1098 (2000).

"The standard of review to be used by the board when reviewing a commissioner's findings is set forth in Regulations of Connecticut State Agencies § 31-301-8.[1] That section directs the board not to retry the case before it, but to determine whether evidence supports the commissioner's finding." *Dengler* v. *Special Attention Health Services, Inc.*, 62 Conn. App. 440, 447, 774 A.2d 992 (2001). "[T]he review [board's] hearing of an appeal from the commissioner is not a de novo hearing of the facts. . . . [I]t is oblig[ated] to hear the appeal on the record and not retry the facts. . . . [T]he power and duty of determining the facts rests on the commissioner, the trier of facts. . . . [T]he conclusions drawn by [her] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them." (Internal quotation marks omitted.) *Kolomiets* v. *Syncor International Corp.*, 51 Conn. App. 523, 526–27, 723 A.2d 1161 (1999), aff'd, 252 Conn. 261, 746 A.2d 743 (2000).

[1] Section 31-301-8 of the Regulations of Connecticut State Agencies provides: "Ordinarily, appeals are heard by the compensation review division upon the certified copy of the record filed by the commissioner. In such cases the division will not retry the facts or hear evidence. It considers no evidence other than that certified to it by the commissioner, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusion reached. It cannot review the conclusions of the commissioner when these depend upon the weight of the evidence and the credibility of witnesses. Its power in the corrections of the finding of the commissioner is analogous to, and its method of correcting the finding similar to the power and method of the Supreme Court in correcting the findings of the trial court."

The commissioner found, on the basis of the evidence and the credibility of the witnesses, that the plaintiff did not suffer a 50 percent permanent partial disability to his brain as the result of being hit in the head during the course of his employment. In accordance with the deferential standard of review as previously set forth, we decline, as did the board, to disturb the commissioner's findings in the absence of a showing that they were unreasonable or an abuse of discretion. We also conclude that the board's conclusion upholding the commissioner's decision did not result from an incorrect application of the law to the facts of this case.

The decision of the workers' compensation review board is affirmed.