HEYWARD SELLERS *v.* WORK FORCE
ONE, INC., ET AL.
(AC 26403)

Schaller, Harper and Hennessy, Js.

Argued October 21—officially released December 20, 2005

*Heyward Sellers*, pro se, the appellant (plaintiff).

*Theodore W. Heiser*, for the appellees (defendants).

*Opinion*

PER CURIAM. The plaintiff, Heyward Sellers, appeals from the decision of the workers' compensation review board (board) affirming the decision of the workers' compensation commissioner (commissioner) dismissing his claim for workers' compensation benefits. On appeal, the plaintiff claims that the board improperly affirmed the commissioner's determination that his claim was precluded by res judicata and collateral estoppel. We affirm the decision of the board.

The relevant facts and procedural history were set forth in the board's decision. "On September 25, 1995, when [the plaintiff] was employed by Sellers Garage, Inc., and while that entity was insured by Royal Insurance Company [(Royal)], the [plaintiff] suffered an injury to his right wrist and right shoulder. On November 14, 1995, the [plaintiff] suffered pain in his left wrist which was believed to be the result of overuse resulting from the September 25, 1995 injury to his right wrist.

On March 21, 1997, again while in the employ of Sellers Garage, Inc., and while Royal . . . was the carrier, the [plaintiff] sustained a head injury when an automobile part fell on his head. Liability was accepted via a voluntary agreement.

"On April 21, 1998, when in the employ of [the defendant] Work Force One, Inc., and while [the defendant] Hanover Insurance Company [(Hanover)] was the carrier on the risk, the [plaintiff] complained of increased pain in his right wrist. The [defendants][1] . . . disputed the [plaintiff's] claim. Claims for benefits were sought for employment periods while both Royal . . . and Hanover were on the risk. These claims were heard by [Donald Doyle, commissioner for the fifth district] and determined in his May 9, 2001 finding and award. Claims of error relating to that May 9, 2001 finding and award were considered by [the board] in [a companion case against Sellers Garage, Inc., and Work Force One, Inc.]. The [board] affirmed the findings and conclusions of [the commissioner]," and this court subsequently affirmed the board's decision.[2]

"On December 11, 2003, [Commissioner Doyle] issued a finding and dismissal in which [he] considered the [plaintiff's] claim of having sustained a fifty percent (50%) permanent partial disability to his brain. [On February 3, 2005, the board] affirmed the trial commissioner's dismissal of the [plaintiff's] claim for 50 percent . . . permanent partial disability to his brain. Following the commissioner's December 11, 2003 finding and dismissal, the [plaintiff] filed a form 30C seeking benefits due to depression for which he claimed the [defendants]

[1] Although we reference Sellers Garage, Inc., and Royal in this opinion, they are not defendants in this action. Any references to the defendants refer only to Work Force One, Inc., and to Hanover.

[2] See Sellers v. Sellers Garage, Inc., 80 Conn. App. 15, 832 A.2d 679, cert. denied, 267 Conn. 904, 838 A.2d 210 (2003).

were liable.[3] An informal hearing was held [before Amado J. Vargas, commissioner for the fifth district] and, thereafter, the [defendants] sent a letter dated March 22, 2004, to the trial commissioner with a copy to the [plaintiff] indicating their position that the claim should be dismissed on the basis of res judicata and collateral estoppel. The [defendants] contended that the [plaintiff's] claims for depression and erectile dysfunction were previously litigated and determined in Commissioner Doyle's May 9, 2001 finding and award. [Commissioner Vargas] issued [a] finding and dismissal [on April 29, 2004], in which he concluded [that] the [plaintiff's] attempt to retry the matter was barred under the legal principles of res judicata and collateral estoppel."

The plaintiff appealed to the board from the commissioner's April 29, 2004 finding and dismissal. The board affirmed that decision, and the plaintiff filed this appeal. On appeal, the plaintiff claims that the board improperly affirmed the determination that his claims were precluded by res judicata and collateral estoppel. We disagree.

We begin by setting forth the applicable standard of review. Whether the board properly determined that the plaintiff's claims were barred by res judicata and collateral estoppel is a question of law. See *Corcoran* v. *Dept. of Social Services*, 271 Conn. 679, 688, 859 A.2d 533 (2004); *Levine* v. *Levine*, 88 Conn. App. 795, 801–802, 871 A.2d 1034 (2005). Accordingly, our review is plenary. *Corcoran* v. *Dept. of Social Services*, supra, 688; *Levine* v. *Levine*, supra, 802.

"The related doctrines of res judicata and collateral estoppel are based on the public policy that a party

---

[3] A form 30C is the document prescribed and recommended by the workers' compensation commission for use in filing a notice of claim under the Workers' Compensation Act. See General Statutes § 31-294c.

should not be able to relitigate a matter that it already has had a fair and full opportunity to litigate." *In re Application for Writ of Habeas Corpus by Dan Ross*, 272 Conn. 653, 661, 866 A.2d 542 (2005). Despite being close cousins, those doctrines "are not alternate expressions of the same. . . . [C]ollateral estoppel operates to bar the reassertion of an issue already fully litigated, [while] res judicata precludes one from raising causes of action, facts or issues that either already were adjudicated or could have been litigated fully in a prior action between the same parties or those in privity with them." *Trinity United Methodist Church of Springfield, Massachusetts* v. *Levesque*, 88 Conn. App. 661, 671, 870 A.2d 1116, cert. denied, 274 Conn. 907, 908, 876 A.2d 1200 (2005). Because collateral estoppel is more applicable to the facts of this case, we focus on that doctrine.

"[C]ollateral estoppel, or issue preclusion, is that aspect of res judicata that prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action between the same parties or those in privity with them upon a different claim. . . . An issue is *actually litigated* if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. . . . An issue is *necessarily determined* if, in the absence of a determination of the issue, the judgment could not have been validly rendered." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Efthimiou* v. *Smith*, 268 Conn. 499, 506–507, 846 A.2d 222 (2004).

"As a general proposition, the governing principle is that administrative adjudications have a preclusive effect when the parties have had an adequate opportunity to litigate. . . . [A] valid and final adjudicative determination by an administrative tribunal has the same effects under the rules of res judicata [and collateral estoppel], subject to the same exceptions and quali-

fications, as a judgment of a court." (Citations omitted; internal quotation marks omitted.) *Lafayette* v. *General Dynamics Corp.*, 255 Conn. 762, 773, 770 A.2d 1 (2001).

The plaintiff claims that the board improperly affirmed the April 29, 2004 decision dismissing his claim for workers' compensation benefits because his most recent claim for depression is separate and distinct from the claim that was determined in the previous action and, thus, not subject to res judicata or collateral estoppel. We disagree.

In Commissioner Doyle's findings and award, dated May 9, 2001, he found the following facts. The plaintiff commenced treatment with Robert A. Feldman, a urologist, for erectile dysfunction on April 19, 1999. In September, 2000, Feldman indicated that the plaintiff believed that his decreased libido and erectile dysfunction were work related. According to Feldman, the plaintiff was suffering from depression as a result of closing his business and not being able to work in his chosen profession. Although the plaintiff was in good health overall, Feldman noted that he continued to suffer from hand and wrist pain, which in turn caused him pain during sexual activity and diminished his arousal. Feldman also attributed the plaintiff's erectile dysfunction and decreased interest in sexual activities to the injuries he sustained to his hand, wrist, neck and head. As a result of the plaintiff's condition, Feldman referred him to Carole Mackenzie, a psychiatric social worker specializing in psychotherapy, who subsequently treated the plaintiff for his sexual dysfunction.

Despite the opinions of Feldman and Mackenzie—both of which concluded that the close of the plaintiff's business, his loss of income and his incurrence of debt all contributed to his depression, which in turn caused his sexual dysfunction—Commissioner Doyle determined that the plaintiff had failed to sustain his burden

of proof that his physical injuries produced his depression and sexual dysfunction. Consequently, Commissioner Doyle denied the plaintiff's claim for payment of medical treatment rendered by Feldman and Mackenzie. Those findings were later affirmed both by the board and by this court. See *Sellers* v. *Sellers Garage, Inc.*, 80 Conn. App. 15, 832 A.2d 679, cert. denied, 267 Conn. 904, 838 A.2d 210 (2003).

Notwithstanding Commissioner Doyle's findings, the plaintiff argues in this appeal that Commissioner Vargas should have allowed him to present evidence from Jeffry Klugman, a physician who has been treating the plaintiff for depression since July, 2001, to support the current claim of depression. According to the plaintiff, because Klugman diagnosed him with depression resulting from work-related injuries after Commissioner Doyle's 2001 finding and award, Klugman's diagnosis necessarily is a claim that has not been litigated. The plaintiff's position is contradicted, however, by a letter from Klugman dated June 5, 2003, which states that "[i]t was clear that [the plaintiff] was suffering from a major depression that dated roughly to 1998 . . . ." Thus, rather than diagnosing a new episode of depression, Klugman merely was treating the plaintiff's ongoing depression, which dated to 1998. The issue of whether the plaintiff suffered from depression as a result of work-related injuries was submitted to Commissioner Doyle for determination in 2001, and Commissioner Doyle's decision on that issue necessarily was a part of his findings and award. Absent Commissioner Doyle's determination that the plaintiff had failed to establish that his physical injuries caused the depression, the plaintiff's claim for payment of medical treatment rendered for the depression would have gone unresolved. Consequently, because the issue of the plaintiff's depression actually was litigated and necessarily determined in the 2001 findings and award, collat-

eral estoppel prohibits the plaintiff from relitigating that issue.[4]

The judgment is affirmed.

---

[1] To the extent that the plaintiff argues that his claim is not barred by res judicata or collateral estoppel because his depression has increased since the 2001 finding and award, and, thus, is a distinct injury or illness, the plaintiff's claim is barred by the statute of limitations embodied in General Statutes § 31-294c (a). That subsection requires that claims for compensation must be filed within "one year from the date of the accident or within three years from the first manifestation of a symptom of the occupational disease . . . which caused the personal injury . . . ." General Statutes § 31-294c (a). Because the plaintiff filed his notice of claim for compensation for that increase in depression more than four years after his April, 1998 injury, his claim is not timely.