### HEYWARD SELLERS *v.* SELLERS GARAGE, INC., ET AL.
### (AC 28837)

DiPentima, Robinson and Stoughton, Js.

Argued March 26—officially released September 9, 2008

*Heyward Sellers*, pro se, the appellant (plaintiff).

*Courtney C. Stabnick*, with whom, on the brief, was *Richard T. Stabnick*, for the appellees (defendants).

*Opinion*

DiPENTIMA, J. The plaintiff, Heyward Sellers, appeals pro se from the decision of the workers' compensation review board (board), which affirmed the decision of the workers' compensation commissioner for the fifth district (commissioner) dismissing his claim for compensation from the defendant Sellers Garage, Inc.[1] The plaintiff raises two claims on appeal. He claims (1) that the board improperly affirmed the commissioner's finding and dismissal of his claim on the basis of the doctrines of collateral estoppel and res judicata and (2) that both the commissioner and the board improperly failed to address his claim that the defendant had not reimbursed him for expenses that the commissioner previously had found compensable. We affirm the decision of the board.

The factual and procedural history of this case spans more than one decade and has been the subject of three prior appeals to this court. The plaintiff suffered three compensable injuries, which were accepted by voluntary agreement, to his right wrist, left wrist and cervical spine on September 25 and November 14, 1995, and on March 21, 1997, respectively. All three injuries occurred while the plaintiff was employed by the defendant, which, at the time, had workers' compensation insurance provided by Royal Insurance Company (Royal).

---

[1] Travelers Insurance Company, the workers' compensation insurer for Sellers Garage, Inc., also is named as a defendant in this case. For convenience, we refer in this opinion to Sellers Garage, Inc., as the defendant.

On April 20, 1998, while the plaintiff was employed by Work Force One, Inc. (Work Force), which had workers' compensation insurance provided by Hanover Insurance Company (Hanover), he sustained increased pain in his right wrist. The plaintiff timely filed notice of his claim for compensation for the April 20, 1998 injury, seeking, inter alia, compensation for depression, which he claimed was caused by his various physical injuries. On May 9, 2001, Donald H. Doyle, Jr., commissioner for the fifth district, found that the plaintiff had failed to sustain his burden of proof to show that the various physical injuries had produced depression. The commissioner, however, ordered the defendant to reimburse the plaintiff for all future, reasonable medications necessary to treat the March 21, 1997 spinal injury, as prescribed by Steven Levin, the plaintiff's treating physician. The board affirmed the commissioner's findings and award, and this court affirmed the decision of the board. *Sellers* v. *Sellers Garage, Inc.*, 80 Conn. App. 15, 16–17, 832 A.2d 679, cert. denied, 267 Conn. 904, 838 A.2d 210 (2003).

The plaintiff next filed a claim for permanent partial disability of his brain, alleging that he had been suffering from disabling headaches as a result of the March 21, 1997 injury. On December 11, 2003, Amado J. Vargas, commissioner for the fifth district, denied the claim. The board affirmed the commissioner's findings and award, and this court affirmed the decision of the board. *Sellers* v. *Sellers Garage, Inc.*, 92 Conn. App. 650, 887 A.2d 382 (2005).

Following the commissioner's December 11, 2003 finding and dismissal, the plaintiff filed a claim for benefits due to depression for which he claimed Work Force and Hanover were liable. Commissioner Vargas issued a finding and dismissal on April 29, 2004, in which he concluded that the plaintiff's claim that the depression was compensable was barred under the principles of res

judicata and collateral estoppel. On appeal, the board affirmed the commissioner's decision, and this court affirmed the board's decision on the basis of collateral estoppel. *Sellers* v. *Work Force One, Inc.*, 92 Conn. App. 683, 687, 886 A.2d 850 (2005).

The plaintiff subsequently filed the claim underlying this appeal, alleging, inter alia, that his depression had worsened and that the defendant had failed to reimburse him for expenses related to his compensable injuries. After hearings on January 27 and October 19, 2005, Howard H. Belkin, commissioner for the fifth district, dismissed the plaintiff's claim, concluding that the issue of the compensability of the plaintiff's depression had been considered and rejected by Commissioner Doyle in his May 9, 2001 decision, and, therefore, the plaintiff was barred by the doctrines of res judicata and collateral estoppel from relitigating his claim. On May 11, 2007, the board affirmed the commissioner's finding and dismissal, stating that "the alleged worsening of a noncompensable condition [could not] be elevated to the status of compensable." Neither the commissioner nor the board, in their respective memoranda of decision, addressed the plaintiff's claim for reimbursement of expenses. This appeal followed.

I

The plaintiff first claims that the commissioner improperly concluded that he was precluded by the doctrines of res judicata and collateral estoppel from raising the claim that his compensable physical injuries had caused an aggravation of his depression. We disagree.

We begin by setting forth the applicable standard of review. "Whether the court properly applied the doctrine of collateral estoppel is a question of law for which our review is plenary. . . . Collateral estoppel means simply that when an issue of ultimate fact has once

been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. . . . To assert successfully the doctrine of issue preclusion, therefore, a party must establish that the issue sought to be foreclosed actually was litigated and determined in the prior action between the parties or their privies, and that the determination was essential to the decision in the prior case." (Citation omitted; internal quotation marks omitted.) *Vanliner Ins. Co.* v. *Fay*, 98 Conn. App. 125, 132, 907 A.2d 1220 (2006). "An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. . . . An issue is necessarily determined if, in the absence of a determination of the issue, the judgment could not have been validly rendered." (Internal quotation marks omitted.) *Sellers* v. *Work Force One, Inc.*, supra, 92 Conn. App. 686.

"As a general proposition, the governing principle is that administrative adjudications have a preclusive effect when the parties have had an adequate opportunity to litigate. . . . [A] valid and final adjudicative determination by an administrative tribunal has the same effects under the rules of res judicata [and collateral estoppel], subject to the same exceptions and qualifications, as a judgment of a court." (Internal quotation marks omitted.) Id., 686–87.

As this court stated in *Sellers* v. *Work Force One, Inc.*, supra, 92 Conn. App. 688–89, the issue of whether the plaintiff suffered from depression as a result of work-related injuries was actually litigated and necessarily determined by Commissioner Doyle in his May 9, 2001 finding and award. In that decision, Commissioner Doyle addressed all of the plaintiff's work-related injuries, i.e., the three injuries sustained during employment

with the defendant and the April 20, 1998 injury sustained during employment with Work Force, and concluded that none of those injuries had caused the initial onset of the depression. As the board correctly noted, an increase in the plaintiff's depression logically could not be the product of his four compensable injuries when the initial onset of the depression occurred after all four injuries, and none of those injuries caused the initial onset. See *Krevis* v. *Bridgeport*, 63 Conn. App. 328, 334, 777 A.2d 196 (2001) ("[t]he rational mind must be able to trace resultant personal injury to a proximate cause set in motion by the employment and not by some other agency, or there can be no recovery" [internal quotation marks omitted]); cf. *Gartrell* v. *Dept. of Correction*, 259 Conn. 29, 30–31, 787 A.2d 541 (2002) (plaintiff entitled to compensation for aggravation of *preexisting* mental or emotional impairment arising from work-related occupational disease); *Marandino* v. *Prometheus Pharmacy*, 105 Conn. App. 669, 685–86, 939 A.2d 591 (aggravation of complainant's initial injury warrants modification of workers' compensation award when initial injury deemed compensable), cert. granted on other grounds, 286 Conn. 916, 917, 945 A.2d 977 (2008); *Imbrogno* v. *Stamford Hospital*, 28 Conn. App. 113, 119, 612 A.2d 82 (plaintiff's total psychiatric disability causally related to intervening noncompensable event and unrelated to compensable event), cert. denied, 223 Conn. 920, 615 A.2d 507 (1992). We conclude, therefore, that collateral estoppel prohibits the plaintiff from relitigating that issue.

## II

The plaintiff next claims that both the commissioner and the board improperly failed to address his claim that the defendant had not reimbursed him for expenses that the commissioner previously had found compensable, namely, the reasonable medications necessary to

treat the March 21, 1997 spinal injury, as prescribed by Levin. We disagree.

At the January 27, 2005 hearing, the plaintiff raised his claim for reimbursement but closed his case after presenting evidence that supported only his depression claim. At the October 19, 2005 hearing, the plaintiff attempted to present additional evidence in support of his reimbursement claim, but the commissioner expressly refused to consider the additional evidence or the plaintiff's claim for reimbursement.[2] The commissioner's decision not to consider the plaintiff's claim was the functional equivalent of a denial of that claim. See *Ahneman* v. *Ahneman*, 243 Conn. 471, 480, 706 A.2d 960 (1998); *Rudder* v. *Mamanasco Lake Park Assn., Inc.*, 93 Conn. App. 759, 767 n.9, 890 A.2d 645 (2006). Accordingly, we conclude that the commissioner denied the plaintiff's claim in the May 4, 2006 finding and dismissal. Further, because the board affirmed the commissioner's decision, which included the denial of the plaintiff's reimbursement claim, the board necessarily rejected the plaintiff's reimbursement claim as well.

To the extent that the plaintiff argues that the commissioner improperly denied the reimbursement claim, he has not briefed this issue adequately. "Although we are solicitous of the fact that the [plaintiff] is a pro se litigant, the statutes and rules of practice cannot be ignored completely. . . . We are not required to review issues that have been improperly presented to this court

---

[2] In addition, following the commissioner's May 4, 2006 finding and dismissal, the plaintiff timely filed, pursuant to § 31-301-4 of the Regulations of Connecticut State Agencies, a motion to correct, seeking, inter alia, a ruling on his claim for reimbursement. The commissioner denied the plaintiff's motion to correct on May 23, 2006. The plaintiff raises neither this ruling nor the commissioner's refusal to consider additional evidence as an issue in this appeal.

through an inadequate brief."[3] (Citation omitted; internal quotation marks omitted.) *Cooke* v. *Cooke*, 99 Conn. App. 347, 352–53, 913 A.2d 480 (2007).

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.

---

[3] We note that the commissioner found that none of the evidence offered by the plaintiff was sufficient to support his claims. Our review of the record likewise reveals a paucity of evidence that could support the plaintiff's reimbursement claim. Without sufficient evidence to support the plaintiff's claim, the commissioner could not have ruled in the plaintiff's favor. See *DiNuzzo* v. *Dan Perkins Chevrolet Geo, Inc.*, 99 Conn. App. 336, 342, 913 A.2d 483 (decision of commissioner must not include facts found without evidence), cert. granted on other grounds, 281 Conn. 929, 918 A.2d 277 (2007).