JANE SHORT *v.* CONNECTICUT BANK AND
TRUST COMPANY ET AL.
(AC 19981)

Spear, Pellegrino and Peters, Js.

Argued June 9—officially released October 10, 2000

*Richard G. Kascak, Jr.*, for the appellant (plaintiff).

*Nancy E. Berdon*, for the appellees (defendants).

*Opinion*

SPEAR, J. The plaintiff, Jane Short, appeals from the decision of the workers' compensation review board (board) affirming the workers' compensation commissioner's (commissioner) award in favor of her employer, the defendant Connecticut Bank & Trust Company (employer). The sole issue is whether the employer is entitled to a credit, known as a moratorium, against its obligation to pay future workers' compensation benefits to the plaintiff in an amount equal to the net proceeds from the settlement of the plaintiff's third party personal injury action. The plaintiff asserts that the employer waived its right to a moratorium by its release agreement with the third party tortfeasors.[1] We affirm the decision of the board.

---

[1] The plaintiff also raised three other issues: (1) "Whether the commissioner lacked jurisdiction to interpret and determine the terms of the private settlement agreement entered into by the parties in relation to the third party action as well as the terms, if any, relating to the existence of and application of a moratorium"; (2) "Since the amount of the settlement in the third party action did not exceed the amount of workers' compensation benefits paid, and since the workers' compensation insurer accepted monies from that settlement, which were less than the outstanding liens, whether the commissioner erred in concluding that there would be a moratorium in the absence of a written agreement previously approved by the commissioner so providing"; and (3) "Whether the trial commissioner erred in finding that no evidence was submitted contemplating a full release of [the employer's] claimed credit." At oral argument, the plaintiff conceded that similar claims to those raised here were resolved adversely to her position in *Schiano* v. *Bliss Exterminating Co.*, 57 Conn. App. 406, 408, 750 A.2d 1098 (2000). We reject the claims on the basis of *Schiano* and see no need to address them further.

We glean the following facts from the record. On April 29, 1991, the plaintiff suffered a compensable injury while working for her employer. The defendant Travelers Property & Casualty Corporation (Travelers) was the workers' compensation insurance carrier for the employer and paid the plaintiff $67,396.35 in workers' compensation benefits. The plaintiff filed a third party action against Hi-Ho Maintenance Services, Inc., and Hi-Ho D'Addario Industries, Inc., claiming that they were responsible for her injuries. The employer intervened in the third party action pursuant to General Statutes § 31-293 (a)[2] to secure a lien on any proceeds

[2] General Statutes § 31-293 (a) provides: "When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in a person other than an employer who has complied with the requirements of subsection (b) of section 31-284, a legal liability to pay damages for the injury, the injured employee may claim compensation under the provisions of this chapter, but the payment or award of compensation shall not affect the claim or right of action of the injured employee against such person, but the injured employee may proceed at law against such person to recover damages for the injury; and any employer or the custodian of the Second Injury Fund, having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against such person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee. If the employee, the employer or the custodian of the Second Injury Fund brings an action against such person, he shall immediately notify the others, in writing, by personal presentation or by registered or certified mail, of the action and of the name of the court to which the writ is returnable, and the others may join as parties plaintiff in the action within thirty days after such notification, and, if the others fail to join as parties plaintiff, their right of action against such person shall abate. In any case in which an employee brings an action against a party other than an employer who failed to comply with the requirements of subsection (b) of section 31-284, in accordance with the provisions of this section, and the employer is a party defendant in the action, the employer may join as a party plaintiff in the action. The bringing of any action against an employer shall not constitute notice to the employer within the meaning of this section. If the employer and the employee join as parties plaintiff in the action and any damages are recovered, the damages shall be so apportioned that the claim of the employer, as defined in this section, shall take precedence over that of the injured employee in the proceeds of the recovery, after the deduction of reasonable and necessary expenditures, including attorneys' fees, incurred by the employee in effecting the recovery. The rendition of a

that might be forthcoming. By agreement of all of the parties, the claim was settled for the sum of $40,000. The employer received $13,333.33 in satisfaction of its lien, and the plaintiff received $12,007.04 as her share of the net proceeds of the settlement. The agreement was not presented to the commissioner for approval.

judgment in favor of the employee or the employer against the party shall not terminate the employer's obligation to make further compensation which the commissioner thereafter deems payable to the injured employee. If the damages, after deducting the employee's expenses as provided in this subsection, are more than sufficient to reimburse the employer, damages shall be assessed in his favor in a sum sufficient to reimburse him for his claim, and the excess shall be assessed in favor of the injured employee. No compromise with the person by either the employer or the employee shall be binding upon or affect the rights of the other, unless assented to by him. For the purposes of this section, the claim of the employer shall consist of (1) the amount of any compensation which he has paid on account of the injury which is the subject of the suit and (2) an amount equal to the present worth of any probable future payments which he has by award become obligated to pay on account of the injury. The word 'compensation', as used in this section, shall be construed to include incapacity payments to an injured employee, payments to the dependents of a deceased employee, sums paid out for surgical, medical and hospital services to an injured employee, the burial fee provided by subdivision (1) of subsection (a) of section 31-306, payments made under the provisions of sections 31-312 and 31-313, and payments made under the provisions of section 31-284b in the case of an action brought under this section by the employer or an action brought under this section by the employee in which the employee has alleged and been awarded such payments as damages. Each employee who brings an action against a party in accordance with the provisions of this subsection shall include in his complaint (A) the amount of any compensation paid by the employer or the Second Injury Fund on account of the injury which is the subject of the suit and (B) the amount equal to the present worth of any probable future payments which the employer or the Second Injury Fund has, by award, become obligated to pay on account of the injury. Notwithstanding the provisions of this subsection, when any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in a person other than an employer who has complied with the requirements of subsection (b) of section 31-284, a legal liability to pay damages for the injury and the injured employee has received compensation for the injury from such employer, its workers' compensation insurance carrier or the Second Injury Fund pursuant to the provisions of this chapter, the employer, insurance carrier or Second Injury Fund shall have a lien upon any judgment received by the employee against the party or any settlement received by the employee from

Pursuant to § 31-293, the employer sought a ruling from the commissioner that it was entitled to a moratorium against future workers' compensation benefits in an amount equal to the plaintiff's share of the settlement. The plaintiff contested the request, asserting that the employer had waived its right to a moratorium based on the following language in a release: "Specifically, [the employer and the defendant insurance carrier] release any rights which they may have to recover Workers' Compensation benefits paid to [the plaintiff] in connection with her April 29, 1991 work related left hip injury." Noting that the plaintiff's assertion was based on "an unartfully-drafted paragraph contained in the Superior Court release,"[3] the commissioner determined that the release ran only to the third party defendants in the Superior Court action and concluded that the employer was entitled to a moratorium. After the board affirmed the commissioner's decision, the plaintiff filed this appeal.

We are called upon to construe whether the release executed by the employer, Travelers, and the third party defendants was intended to waive the moratorium that

the party, provided the employer, insurance carrier or Second Injury Fund shall give written notice of the lien to the party prior to such judgment or settlement."

[3] The full text of the release is as follows: "Travelers Insurance and Connecticut Bank & Trust Company, for and in consideration of the sum of $13,333.33 (Thirteen Thousand Three Hundred Thirty-Three and 33/100 Dollars) to be paid by, or on behalf of Hi-Ho Maintenance and D'Addario Industries release and forever discharge Hi-Ho Maintenance and D'Addario Industries, their heirs, executors and administrators, of any and all actions, suits, claims, demands and rights which they may have against them, their heirs, executors and administrators, as a result of Travelers Insurance's and Connecticut Bank & Trust Company's payment of Workers' Compensation benefits with regard to the matter, *Jane Short* v. *Connecticut Bank & Trust Company*, Worker's Compensation Commission, Fourth District, File Number 400005087.

"Specifically, the undersigned release any rights which they may have to recover Workers' Compensation benefits paid to Jane Short in connection with her April 29, 1991 work related left hip injury."

would ordinarily be available to the employer by law pursuant to § 31-293. "Although ordinarily the question of contract interpretation, being a question of the parties' intent, is a question of fact . . . [w]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." (Internal quotation marks omitted.) *Tallmadge Bros., Inc.* v. *Iroquois Gas Transmission Systems, L.P.*, 252 Conn. 479, 495, 746 A.2d 1277 (2000). "[T]he interpretation and construction of a written contract present only questions of law, within the province of the court . . . so long as the contract is unambiguous and the intent of the parties can be determined from the agreement's face." (Internal quotation marks omitted.) Id. "[T]he construction and legal effect of the contract [is] a question of law for the court . . . ." *Bria* v. *St. Joseph's Hospital*, 153 Conn. 626, 632, 220 A.2d 29 (1966). Although the parties disagree as to the legal effect of the contract, neither claims that the language is ambiguous. Accordingly, our review of this question of law is plenary.

The interpretation of these contract provisions is guided by well established principles of contract law. "A contract must be construed to effectuate the intent of the parties, which is determined from the language used interpreted in light of the situation of the parties and the circumstances connected with the transaction. . . . [T]he intent of the parties is to be ascertained by a fair and reasonable construction of the written words and . . . the language used must be accorded its common, natural, and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract. . . . Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms." (Internal quotation marks omitted.) *Issler* v. *Issler*, 250 Conn. 226, 235, 737 A.2d 383 (1999).

It is clear that the agreement was intended to release only the third party tortfeasors from any further liability to the defendants. The settlement was in the amount of $13,333.33 as against a lien amount of over $67,000. The second paragraph of the release, on which the plaintiff relies, precludes the employer from any further claim against the third party tortfeasors for the balance of the $67,000 or any other benefits paid to the plaintiff. The employer and Travelers released any rights that they had "to recover Workers' Compensation benefits paid to [the plaintiff]." There is nothing in this record that indicates that the employer had any right to recover from the plaintiff any of the benefits that it already had paid to her. This language makes sense only if read as releasing the employer's claim against the third party tortfeasors. The moratorium operates in futuro as to benefits that may become payable; it does not apply to the benefits that already have been paid. As the release references only paid benefits, the parties could not have intended to affect a moratorium by the release.

The plaintiff also asserts that because there was no agreement between the parties as to a moratorium, the commissioner improperly created an agreement to the effect that a moratorium existed. This claim fails for two reasons. First, the commissioner did not "make a contract" between the employer and the plaintiff. He interpreted the language of the release and concluded that nothing in that language constituted a waiver of the employer's right to a moratorium. Second, the employer's right to a moratorium is created by § 31-293, and not by agreement. We conclude, on the basis of the language of the contract, that the parties intended to release the third party tortfeasors, but that they had no intent to waive the employer's right to a moratorium.

In light of our resolution of the waiver claim, it is not necessary for us to discuss whether reversing the decision of the board would result in a "double recov-

ery" for the plaintiff.[4] The release agreement did not waive the employer's right to a moratorium, and, therefore, the double recovery issue is eliminated.

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.

---

[4] In requesting that we reverse the board's decision, the plaintiff briefed her claim that "a holding that the [employer] is not entitled to any type of credit for proceeds received by the [plaintiff] is not contradictory to the public policy against double recovery."