## JOSEPH LUBRANO v. MOHEGAN SUN CASINO ET AL. (AC 33566)

Gruendel, Bear and Bishop, Js.

---

Argued May 14—officially released October 23, 2012

*Edward W. Gasser*, with whom, on the brief, was *Maxine L. Matta*, for the appellants (defendants).

*Michael J. Quinn*, with whom, on the brief, was *Jennifer Antognini-O'Neill*, for the appellee (plaintiff).

*Opinion*

BEAR, J. The defendants, Mohegan Sun Casino and Safety National Casualty Corporation, appeal from the decision of the workers' compensation review board

(board) affirming the decision of the workers' compensation commissioner for the second district (commissioner) denying the defendants' request to review their claim challenging the allocation of certain third party settlement proceeds between the plaintiff, Joseph Lubrano, and his wife, Jill Lubrano. On appeal, the defendants claim that (1) the board improperly affirmed the commissioner's finding that the workers' compensation commission (commission) lacked jurisdiction to review the amount of a spouse's recovery from a third party claim for loss of consortium when determining the appropriate moratorium due to the defendants,[1] (2) "the commissioner erred in finding, and the board erred in affirming, that the [defendants] had waived reimbursement of workers' compensation benefits paid" and (3) "the commissioner erred in finding, and the board erred in affirming, that the [defendants'] moratorium was only $2,190,056.37." We affirm the decision of the board.

The following facts and procedural history are relevant to our resolution of this appeal. On June 15, 2004, the plaintiff was injured when he fell from a roof at a time when he was an employee of Mohegan Sun Casino. The plaintiff and his wife brought an action against six defendants in the Mohegan Gaming Disputes Court (tribal court), the plaintiff suing for negligence and his wife suing for loss of consortium. The defendants filed an intervening complaint to recover workers' compensation benefits they had paid or would become obligated to pay the plaintiff. In August, 2009, following mediation, the plaintiff and his wife settled their respective claims with the remaining defendants, with the

---

[1] A moratorium is a credit to an employer against its obligation to pay future workers' compensation benefits to a worker in an amount equal to the net proceeds from the settlement of the worker's third party personal injury action. See *Short* v. *Connecticut Bank & Trust Co.*, 60 Conn. App. 362, 363, 759 A.2d 129 (2000).

plaintiff receiving $2,190,056.37 for his injuries and his wife receiving $2,021,590.46 for her loss of consortium claim. Prior to that settlement being completed, the defendants had objected to the settlement, but eventually they withdrew their intervening complaint.

The defendants chose to proceed before the commission, seeking to assert a moratorium of the plaintiff's future workers' compensation benefits against both the entirety of the plaintiff's settlement and a portion of his wife's settlement with the tortfeasors. The parties agreed that the defendants were entitled to a moratorium in the amount of the plaintiff's net recovery, but the plaintiff asserted that the commission lacked jurisdiction to affect his wife's settlement with the tortfeasors pursuant to the Supreme Court's holding in *Soracco* v. *Williams Scotsman, Inc.*, 292 Conn. 86, 971 A.2d 1 (2009). On May 10, 2010, the commissioner issued his finding and award, concluding that "[t]he . . . [c]ommission has no jurisdiction over and cannot affect [the] rights [of the plaintiff's wife] with respect to the third party defendants and has no authority to dictate the appropriate terms of settlement." After the commissioner denied the defendants' motion to correct the decision, the defendants petitioned for review to the board. On June 3, 2011, the board affirmed the commissioner's decision. This appeal followed.

On appeal, the defendants first claim that the board erred in affirming the commissioner's finding that the commission lacked jurisdiction "to review the amount of a spouse's recovery from a third party claim for loss of consortium when determining the appropriate moratorium due [the defendants]." The defendants contend that, pursuant to this court's holding in *Schiano* v. *Bliss Exterminating Co.*, 57 Conn. App. 406, 750 A.2d 1098 (2000), the commissioner has not only the authority but also the obligation to review the subject settlement allocation between the plaintiff and his wife

"to determine whether any of the [c]onsortium settlement amount should inure to the benefit of the [defendants] in terms of additional moratorium sums."[2] We are not persuaded.

"The principles that govern our standard of review in workers' compensation appeals are well established. The conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . Neither the review board nor this court has the power to retry facts." *Sellers* v. *Sellers Garage, Inc.*, 92 Conn. App. 650, 650–51, 887 A.2d 382 (2005). "The jurisdiction of the commissioner is confined by the [Workers' Compensation Act (act)] and limited by its provisions. Unless the [a]ct gives the [c]ommissioner the right to take jurisdiction over a claim, it cannot be conferred upon [the commissioner] by the parties either by agreement, waiver or conduct. . . . [B]ecause [a] determination regarding . . . subject matter jurisdiction is a question of law, our review is plenary." (Citations omitted; internal quotation marks omitted.) *Gamez-Reyes* v. *Biagi*, 136 Conn. App. 258, 269–70, 44 A.3d 197 (2012).

---

[2] The defendants argue that the board's decision in *Lesco* v. *Glass Crafters*, No. 3915 CRB-03-98-10 (January 19, 2000), supports their contention that the commissioner has jurisdiction, authority and an obligation to review a settlement allocation. Specifically, they note that *Lesco* provides that "trial commissioners should closely scrutinize settlements which appear to circumvent reimbursement under [General Statutes] § 31-293." The defendants argue that "[i]f there was no [j]urisdiction for the [c]ommissioner to perform the review, the [b]oard [in *Lesco*] would certainly have noted that." We determine that our Supreme Court's decision in *Soracco* controls our disposition of this matter and decline the defendants' invitation to defer to the board's interpretation of the commissioner's authority under § 31-293. See *Potvin* v. *Lincoln Service & Equipment Co.*, 298 Conn. 620, 650, 6 A.3d 60 (2010) ("it is manifest to our hierarchical judicial system that [our Supreme Court] has the final say on matters of Connecticut law and that the Appellate Court and Superior Court are bound by our [Supreme Court's] precedent" [internal quotation marks omitted]).

The defendants argue that pursuant to our decision in *Schiano* v. *Bliss Exterminating Co.*, supra, 57 Conn. App. 406,[3] it is settled law that the commissioner "has not only jurisdiction but also the obligation to review the allocation . . . ." The defendants further argue that our Supreme Court's holding in *Soracco* v. *Williams Scotsman, Inc.*, supra, 292 Conn. 86, supports their contention that "the [c]omissioner must have jurisdiction to review settlements as they pertain to the consortium allocation as is settled law in *Schiano*. Otherwise the *Schiano* mandated review is eliminated and [c]laimants are free to allocate settlement without oversight to the detriment of employers." Specifically, the defendants contend that the *Soracco* court merely "held that the *Superior Court* lacks jurisdiction to review third party settlements as to a consortium allocation as the employer is not aggrieved by any such decision." (Emphasis added.)

At the outset, we reject the defendants' argument that *Schiano* provides that the commissioner must perform a review of a third party settlement as to a consortium allocation. To the contrary, the *Schiano* court noted that "a commissioner may not dictate the terms or the amount of a loss of consortium claim . . . ." *Schiano* v. *Bliss Exterminating Co.*, supra, 57 Conn. App. 413. Rather, *Schiano* stands for the proposition that, pursuant to General Statutes §§ 31-278, 31-293 and

---

[3] Additionally, the defendants cite a number of other cases, including *Cruz* v. *Montanez*, 294 Conn. 357, 984 A.2d 705 (2009), *Love* v. *J. P. Stevens & Co.*, 218 Conn. 46, 587 A.2d 1042 (1991) and *Short* v. *Connecticut Bank & Trust Co.*, 60 Conn. App. 362, 759 A.2d 129 (2000), in support of their argument that the commission has jurisdiction to review the reasonableness of a third party settlement with respect to a consortium allocation. We note that those cases are factually inapposite to the present matter as they do not involve review of the reasonableness of a third party settlement that includes a consortium allocation. Moreover, to the extent the defendants rely on those cases as evincing a public policy in favor of the commissioner's review of the reasonableness of a third party settlement allocation, we reject those arguments as inconsistent with *Soracco*.

31-352, the commissioner is entitled to know an employee's portion of a settlement in order to determine what part could be allocated to a moratorium of benefits by the employer. Id., 412–14. Accordingly, the commissioner may, under certain circumstances, conduct a hearing to gather facts necessary to determine the amount of a claimant employee's portion of a settlement and "to know the amount of the settlement paid in satisfaction of [a consortium] claim to determine the amount of the [claimant employee's] recovery." Id., 414. In making that determination, however, the commissioner cannot "assume jurisdiction over or affect [a consortium claimant's] rights with respect to the third party." Id. Nothing in *Schiano* suggests that the commissioner has the authority to approve the reasonableness of an employee's settlement with a third party tortfeasor, and, as noted, our holding in that case prohibited the commissioner from interfering with the amount recovered by a consortium claimant.[4]

Regardless of our interpretation of *Schiano*, we determine that the defendants' claim is foreclosed by our Supreme Court's subsequent holding in *Soracco*. That case presented facts substantially similar to those in the present case. In that case, the plaintiff and his wife brought an action against the named defendant after the plaintiff was injured in the course of his employment. *Soracco* v. *Williams Scotsman, Inc.*, supra, 292 Conn. 87–88. The plaintiff asserted a claim for damages pursuant to § 31-293 and his wife asserted a loss of consortium

---

[4] To the extent *Schiano* permits the commissioner to review a settlement in order to know the amount paid in satisfaction of a consortium claim so as to determine the amount of a claimant's recovery, that review was performed in the present matter. After reviewing the net settlement recoveries of the plaintiff and his wife, the commissioner determined, and the parties agreed, that the plaintiff's net recovery from the third party settlement was $2,190,056.37. Accordingly, the commissioner concluded that the defendants were entitled to a moratorium against the plaintiff's future workers' compensation benefits in the amount of $2,190,056.37.

claim. Id., 88. The plaintiff's employer intervened in that action, pursuant to § 31-293 (a),[5] seeking to recover the

[5] General Statutes § 31-293 (a) provides: "When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in a person other than an employer who has complied with the requirements of subsection (b) of section 31-284, a legal liability to pay damages for the injury, the injured employee may claim compensation under the provisions of this chapter, but the payment or award of compensation shall not affect the claim or right of action of the injured employee against such person, but the injured employee may proceed at law against such person to recover damages for the injury; and any employer or the custodian of the Second Injury Fund, having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against such person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee. If the employee, the employer or the custodian of the Second Injury Fund brings an action against such person, he shall immediately notify the others, in writing, by personal presentation or by registered or certified mail, of the action and of the name of the court to which the writ is returnable, and the others may join as parties plaintiff in the action within thirty days after such notification, and, if the others fail to join as parties plaintiff, their right of action against such person shall abate unless the employer, insurance carrier or Second Injury Fund gives written notice of a lien in accordance with this subsection. In any case in which an employee brings an action against a party other than an employer who failed to comply with the requirements of subsection (b) of section 31-284, in accordance with the provisions of this section, and the employer is a party defendant in the action, the employer may join as a party plaintiff in the action. The bringing of any action against an employer shall not constitute notice to the employer within the meaning of this section. If the employer and the employee join as parties plaintiff in the action and any damages are recovered, the damages shall be so apportioned that the claim of the employer, as defined in this section, shall take precedence over that of the injured employee in the proceeds of the recovery, after the deduction of reasonable and necessary expenditures, including attorneys' fees, incurred by the employee in effecting the recovery. If the action has been brought by the employee, the claim of the employer shall be reduced by one-third of the amount of the benefits to be reimbursed to the employer, unless otherwise agreed upon by the parties, which reduction shall inure solely to the benefit of the employee, except that such reduction shall not apply if the reimbursement is to the state of Connecticut or a political subdivision of the state including a local public agency, as the employer, or the custodian of the Second Injury Fund. The rendition of a judgment in favor of the employee or the employer against the party shall not terminate the employer's obligation to make further compensation which the commissioner thereafter deems payable to the injured employee. If the damages, after deducting the employee's expenses as provided in this subsection, are more than sufficient to reimburse the employer, damages shall be assessed in his favor in a sum sufficient to reimburse him for his claim, and the excess shall be assessed in favor of the injured employee. No compromise with the person by either

workers' compensation benefits it had paid and become obligated to pay as a result of the plaintiff's injuries. Id., 88–89.

Following an unsuccessful mediation attempt, the plaintiffs and the named defendant reached a settlement agreement, without the approval of the employer. Id., 89. "The substance of the settlement agreement was that, in exchange for the withdrawal and release, the [named] defendant would pay the plaintiffs a total sum

the employer or the employee shall be binding upon or affect the rights of the other, unless assented to by him. For the purposes of this section, the claim of the employer shall consist of (1) the amount of any compensation which he has paid on account of the injury which is the subject of the suit, and (2) an amount equal to the present worth of any probable future payments which he has by award become obligated to pay on account of the injury. The word 'compensation', as used in this section, shall be construed to include incapacity payments to an injured employee, payments to the dependents of a deceased employee, sums paid out for surgical, medical and hospital services to an injured employee, the burial fee provided by subdivision (1) of subsection (a) of section 31-306, payments made under the provisions of sections 31-312 and 31-313, and payments made under the provisions of section 31-284b in the case of an action brought under this section by the employer or an action brought under this section by the employee in which the employee has alleged and been awarded such payments as damages. Each employee who brings an action against a party in accordance with the provisions of this subsection shall include in his complaint (A) the amount of any compensation paid by the employer or the Second Injury Fund on account of the injury which is the subject of the suit, and (B) the amount equal to the present worth of any probable future payments which the employer or the Second Injury Fund has, by award, become obligated to pay on account of the injury. Notwithstanding the provisions of this subsection, when any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in a person other than an employer who has complied with the requirements of subsection (b) of section 31-284, a legal liability to pay damages for the injury and the injured employee has received compensation for the injury from such employer, its workers' compensation insurance carrier or the Second Injury Fund pursuant to the provisions of this chapter, the employer, insurance carrier or Second Injury Fund shall have a lien upon any judgment received by the employee against the party or any settlement received by the employee from the party, provided the employer, insurance carrier or Second Injury Fund shall give written notice of the lien to the party prior to such judgment or settlement."

of $750,000. The plaintiffs' attorney indicated that each plaintiff would receive one half of that amount in satisfaction of their individual claims. Unsatisfied with this intended apportionment, [the employer] requested a hearing to allow the court to determine whether the equal division of the settlement proceeds was reasonable. Apparently seeking the court's imprimatur for their settlement, the plaintiffs acquiesced to this procedure." Id., 89–90. After a hearing, the trial court upheld the division of the settlement proceeds. Id., 90. The employer appealed.

On appeal, the court in *Soracco* determined that "the trial court lacked subject matter jurisdiction to determine whether the allocation of the settlement proceeds was reasonable." Id., 88. Specifically, that court reasoned that "§ 31-293 (a) does not confer standing on an employer seeking to challenge the allocation of the proceeds of a settlement reached between its injured employee and the tortfeasor. Indeed, the statute protects employers from unilateral settlement agreements by preserving their rights in the face of such agreements and by providing that they cannot be bound by them absent their assent. Section 31-293 does not, however, allow an employer to interfere with a settlement reached between its employee and the tortfeasor, nor does it provide courts with the authority to dictate the appropriate terms of such a settlement." Id., 96–97.

We are not persuaded by the defendants' attempts to limit or to distinguish *Soracco*. The defendants argue that *Soracco* holds only that the Superior Court does not have the authority to review the reasonableness of a third party settlement allocation, such as that presented in the instant matter. Their contention therefore is that, as implied in *Soracco*, the commissioner has the authority to review such claims. We disagree.

*Soracco* was resolved on the ground of standing, our Supreme Court determining that the employer in that

matter was not statutorily aggrieved by a third party settlement in the absence of its approval because § 31-293 provided it with a means to protect its rights. In particular, the court in *Soracco* noted that § 31-293 "explicitly contemplates the possibility that . . . a settlement can occur, and declares, in response, that the settlement 'shall [not] be binding upon or affect the rights of the other [party], unless assented to by him.' General Statutes § 31-293 (a)."[6] *Soracco* v. *Williams Scotsman, Inc.*, supra, 292 Conn. 97.

We cannot conclude that the holding in *Soracco* regarding an employer's lack of statutory aggrievement does not extend to an employer's standing before the commission. The court in *Soracco* expressly held that "[§] 31-293 does not . . . allow an employer to interfere with a settlement reached between its employee and the tortfeasor . . . ." Id., 96. Under our reading of *Soracco*, an employer lacks statutory aggrievement to challenge a third party settlement allocation, regardless of whether the challenge is raised before the commission or before the Superior Court. Accordingly, just as § 31-293 does not "provide courts with the authority to dictate the appropriate terms of such a settlement;" id., 97; we likewise determine that the statute does not confer authority on the commissioner to make such determinations.

---

[6] Moreover, the court noted that "the *only* apparent reason for allowing the employer to intervene in the employee's action is to protect the employer's rights in the event of a settlement. In the absence of a settlement, the employer's rights are completely protected by its judgment lien and its ability to bring an independent cause of action when the employee declines to prosecute his claim. If, for instance, under circumstances similar to those in the present case, the tortfeasor sought to settle the case with the employee and the employee's spouse for considerably less than the employer's potential workers' compensation liability, the employer effectively would be deprived of his right to recover on the lien if it could not pursue a separate cause of action against the tortfeasor." (Emphasis in original.) *Soracco* v. *Williams Scotsman, Inc.*, supra, 292 Conn. 95 n.15.

The defendants further attempt to distinguish *Soracco*, arguing that, by virtue of their withdrawal in the tribal court action, *Schiano* must apply to allow them to "look to the [c]ommissioner for determination as to the reasonableness of the allocation." Specifically, they contend that they are in no different a position than an employer who chose never to intervene in a third party action in the first place.

We already have rejected the defendants' argument that *Schiano* mandates review of the reasonableness of a third party settlement allocation as applied to a moratorium. Furthermore, we cannot conclude that the defendants' decision to withdraw from the tribal court action confers standing on them to proceed before the commission. As our foregoing analysis provides, the defendants lack the necessary statutory aggrievement to establish their standing to contest the allocation. It is apparent from the record that the defendants' decision to withdraw from the tribal court action resulted from their erroneous assumption that they had standing to seek review of the reasonableness of the settlement allocation before the commission. There is no indication in the record that the defendants were required to withdraw their intervention.[7] Thus, we determine that the defendants' misapprehension of the law in this regard does not render them statutorily aggrieved, nor does it afford them the standing necessary to challenge the reasonableness of the settlement allocation as applied to their moratorium before the commission.

On the basis of our foregoing analysis, we determine that the board properly affirmed the commissioner's determination that the commission lacked jurisdiction to review the reasonableness of the allocation of third party settlement funds in the present matter.

---

[7] There is some dispute, however, whether the defendants felt pressured to withdraw because the plaintiff and his wife had threatened to pursue litigation against them if the settlement negotiations fell through.

The defendants also claim that "the commissioner erred in finding, and the board erred in affirming, that [the defendants] waived reimbursement of workers' compensation benefits paid." The defendants argue that "[their counsel's] statement that repayment is not being sought is not a waiver of any of [their] rights. It is merely a reflection that [they] are not seeking any actual cash from the settlement as was their statutory right under . . . § 31-293 . . . . [They] sought only a [m]oratorium." The defendants address this argument further in their reply brief, stating that their counsel "did not waive the right to a moratorium from the consortium settlement." We disagree.

The commissioner's memorandum states: "Pursuant to [§] 31-293 the [defendants] . . . are entitled to a moratorium against [the plaintiff's] future [w]orkers' [c]ompensation benefits in the amount of $2,190,056.37." Because we construe the defendants' claim as stating that the board erred in affirming the commissioner's determination that they had waived their right to a moratorium, we cannot conclude that the board erred in this regard. It is apparent from the commissioner's decision that he determined that the defendants were entitled to a moratorium. Furthermore, to the extent that the defendants' claim may be construed as arguing that they did not waive their right to a moratorium of the consortium funds, we likewise reject this claim. The commissioner made no finding that the defendants had waived such a claim.[8] Rather,

---

[8] To the extent that the defendants argue that they have not waived any claim to the workers' compensation benefits paid, we affirm the board's determination that the commissioner did not err in this regard. Specifically, we agree with the board that the following colloquy supports the commissioner's determination that the defendants had "waived reimbursement of workers' compensation benefits paid":

"[The Commissioner]: Since our last session, I had gone [through] all the material that had previously been submitted. I wanted to clarify a few things. And the first thing that I wanted to clarify was just that the claim that's

the commissioner properly concluded that the commission "has no jurisdiction over and cannot affect [the] rights [of the plaintiff's wife] with respect to the third party defendants and has no authority to dictate the appropriate terms of settlement."

The defendants further claim that "the commissioner erred in finding, and the board erred in affirming, that the [defendants'] moratorium was only $2,190,056.37." To the extent that this claim is premised on the argument that the commissioner's finding of the moratorium amount was improper because he failed to review the settlement allocation pursuant to *Schiano*, we disagree. As noted, we determine that the commission had no jurisdiction to review the reasonableness of the settlement as to the consortium allocation and we disagree with the defendants' broad characterization of our holding in *Schiano*. Accordingly, we affirm the board's determination that the commissioner properly determined that the amount of the plaintiff's net recovery was $2,190,056.37 and therefore that the moratorium value was $2,190,056.37.

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.

before me by the [defendants] is just with respect to a moratorium and there's no claim for any kind of repayment of any monies that have been paid out, correct?

"[The Defendants' Counsel]: That's correct."